Greene, J.
delivered the opinion of the court.
This is an action on the case to recover the sum due the plaintiff for the rent of thirty acres of land rented by him to Potete for the year, 1837.
In the fall of that year Potete died, and the defendant administered on his estate and sold the crop, that had been raised on the lands of plaintiff, knowing that the rent was unpaid. The suit was brought against the defendant in his individual character, and not as administrator of Potete.
The plaintiff insists that this case differs from the cases of Ballantine v. Greer, 6 Yer. Rep. 267, and Lawrence v. Jenkins, 7 Yer. Rep. 494, because those were actions of as-sumpsit, and this is an action on the case; and that although the act of 1825 would not give the landlord such a lien on the crop for the rent, that he might sue for, and recover the property, still it gives him such an interest in it, as that the appropriation of it by another, is such an injury to him, that case will lie.
We cannot perceive that there is any thing in the form of the action that will prevent the application of the cases, which have fixed a construction of the act of 1825, c. 21. If this act does not give to the landlord a specific lien upon the crop, so that he might recover in trover, for its conversion, but confers a mere priority of satisfaction, — the lien of his judgment and execution taking date from the day the rent falls due, — it follows that a conversion of the crop is not a wrong done to the landlord, for which case will lie; 7 Yer. Rep. 494.
The judgment must be affirmed.
Note. It is a misconception of the nature of the thing* which has led to the suits, of which this case and the two reported in Yergev, are examples. No lien is such an interest as that for an injury to the property, to which it attaches, the party entitled to the lien may maintain an action. The several classes of persons mentioned by Story — Bailments, § 440 — have a lien, accompanied with posses, sion of the thing, touching which the lien arises. Besides the actual possession, ¿hey have a right to possession, until the charge, attaching to the property is paid or discharged. Story’s Eq. § 506. And for an amotion or deprivation of such possession, or for the abuse or damage of the thing, while the possession continues in any of those persons, they may maintain an action as well as the general owner. 2 Bl. Comm. 144,145. But it is the possession and the injury to & not the lien, or any damage of which it is capable, which gives the action. There are some cases, besides that of landlords, of liens not accompanied with possession, — as the lien of a vender of real estate, the lien of judgment creditors, and perhaps others; and, in none of them, can the party entitled to the lien, maintain an action for an injury or damage to the property, to which the lien attaches. The landlord’s lien gives him neither jus in re nor jus ad rem, neither a right in, nor to, the crop; but only a priority, which is of such an ideal nature, that it is not susceptible of injury by a conversion of the property, and can only bealost by the neglect of the landlord himelf. And so of every other lien not accompanied by possession. * Reporter.